UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, GOVERNOR OFFICE, ET. AL.,<br><br>Defendants. | Case No. 1:22-cv-01036-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915 (g) [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 2) |

Plaintiff Daronta T. Lewis, a prisoner incarcerated at Kern Valley State Prison, initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 on August 17, 2022. (Doc. No. 1, "Complaint"). Plaintiff seeks to proceed in this action *in forma pauperis*. (Doc. No. 2). For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes, and the Complaint does not establish that Plaintiff meets the imminent danger exception.

**BACKGROUND AND FACTS**

The Complaint identifies the following as defendants: Governor Gavin Newsom, "Deputy

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Director of CDCR," Christian Peiffer, "Associate Warden John Doe (male Hispanic), "Associate Warden over KVSP (2nd in charge)," "Associate Warden of ADA at KVSP," "Mr. Captree-Captain Second Level Manager," "Lieutenant Moore- First Level Manager," "Mr. Lerma, Response Supervisor on C Facility," "Mr. J. Servin of KVSP, Custodial- C Facility," "Mr. Martinez of KVSP, Custodial Peace Officer."  (Doc. No. 1 at 1-4).  Plaintiff's Complaint consists of 81 pages in total, 25 of which comprise the Complaint with the remaining 56 pages consisting of inmate grievances, responses thereto, and an order from a state re-sentencing hearing.  (*See generally id.* at 1-25 (complaint), 26-80 (grievances)).

The Complaint is difficult to decipher and disjointed.  To the extent discernable, the gravamen of Plaintiff's complaints is that he has not been afforded some type of early release or placed in a rehabilitation program.  The Complaint strays from various topics in which Plaintiff recounts being called by various racial epithets, being denied unspecified services due to being in a wheelchair, having his good-time credits improperly taken away, disputing his classification, facing discrimination at KSV because he is a black inmate, and being absent from certain family events.   In an apparent attempt to meet the imminent danger exception, Plaintiff states he has been waiting for 5 years for surgery on "brachial plexsus."[2]  (Doc. No. 1 at 8).  Plaintiff also states he engaged in hunger strikes at various point in protest to his treatment.  (*Id.* at 9).  Plaintiff writes on the top of a page near the end of the Complaint  "irreparable injury- continued here" followed by allegations that unidentified inmates force him to perform oral sex on them because he is "paralyzed and defenseless."  (*Id.* at 18).  On the following pages, Plaintiff alleges he is being "excluded from equal access and opportunity" and to pre-release from custody (*id.* at 19), he requires surgery on his "left side gunshot Brachial plexsus," (*id.* at 20), and is being denied his First Amendment right to redress of grievances without retaliation (*id.* at 21).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under

---

[2] "Brachial plexus" is defined as the network of nerves that sends signals from the spinal cord to the shoulder, arm and hand.

> this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger

exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee

before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

## ANALYSIS

### A.  Plaintiff has three or more qualifying strikes

A review of the Pacer Database reveals Plaintiff has filed more than 25 civil actions or appeals in a court of the United States. Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| March 27, 2007 | *Lewis v. Nelson*, No. 2:06-cv-1532-FCD-CMK (E.D. Cal.) | Dismissed for failing to file an amended complaint after screening of original complaint and being provided with explanation of the deficiencies for each claim and how to amend. |
| July 27, 2009 | *Lewis v. Antonen*, No. 2:08-cv-1723-CMK (E.D. Cal.) | Dismissed for failing to file an amended complaint after screening of original complaint and provided explanation of the |

| | | |
|---|---|---|
| | | deficiencies for each claim and how to amend. |
| October 15, 2009 | *Lewis v. Brown*, No. 2:09-cv-195-FCD-DAD (E.D. Cal.) | Dismissed for failing to file an amended complaint after screening of original complaint and being provided with explanation of the deficiencies for each claim and how to amend. |

As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g). All three dismissals listed above properly count as strikes because Plaintiff did not file an amended complaint after the court screened the original complaint, explained the deficiencies and how to amend, and Plaintiff failed to amend. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (finding dismissal counts as 1915(g) strike "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint.").

### B. The Imminent Danger Exception Does Not Apply

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Liberally construing the Complaint, the undersigned finds it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action. Plaintiff does not satisfy either prong of the nexus test set forth above.

The Complaint does not allege imminent danger that is fairly traceable to the unlawful conduct asserted in the Complaint. Nor would a favorable judicial outcome redress the alleged injury. Without further elaboration and seemingly unrelated to the issues in the action, Plaintiff entitles a page toward the end of the Complaint "imminent physical injury," alleging he is being sexually taken advantage of because he is paralyzed. There are no dates or other specifics set forth in the Complaint concerning the claims of imminent danger. When read in context, the allegations in the Complaint are disjointed, non-sensical, and are conclusory. In other words, Plaintiff alleges a litany of alleged wrongful conduct ranging from failure to treat an alleged

6

medical need with surgery to being forced into sex acts to being subjected to unspecified retaliation for filing inmate grievances.  There are not facts or cause of action asserted to support a claim that correctional officials have failed to protect Plaintiff from any claims of abuse, sexual or otherwise, by other inmates.  Therefore, Plaintiff's claim of harm from his unspecified allegations of sexual abuse due to his paralysis fails to satisfy the nexus test. *Ray v. Lara*, 31 F. 4th at 700.

To the extent Plaintiff mentions going on a hunger strike in the past to protest how correctional officials handled his inmate grievances, there are no facts to suggest Plaintiff remains on a hunger strike at the time he filed the instant action.  Faced with these similar facts, Courts have determined no imminent physical injury.  *See Freeman v. Kernan*, No. 2:17-cv-2233-AC, 2019 WL 3080740 (E.D. Cal. July 15, 2019)(finding no imminent physical injury when complaint alleged hunger strike ended at a specific date before filing the case) *Fletcher v. Sherman*, No 1:18-cv-01074-DAD-GSA-PC, 2018 WL 10720904 (E.D. Cal. Oct. 9, 2018)(same)).  Moreover, even if Plaintiff was still on a hunger strike, Plaintiff voluntarily commenced his hunger strike.  While the Ninth Circuit does not appear to have ruled on this issue, lower courts often find a prisoner cannot create an imminent danger to avoid the three strikes provision of the PLRA.  *Taylor v. Walker*, 2007 WL 4365718 *2 (S.D. Ill. Dec. 11, 2007)(citing *Ben v. Allen*, 2007 WL  484547 (S.D. Ala. Feb. 8, 2007), *Muhammed v. McDonough*, 2006 WL 1640128 (M.D. Fla. June 9, 2006), *Wallace v. Cockrell*, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003)).

Finally, to the extent Plaintiff states he requires and is being denied surgery for brachial plexsus, it appears Plaintiff suffered an injury from a gunshot wound that occurred prior to his incarceration.  There are no facts in the Complaint alleging that any doctor recently recommended surgery.  Instead, based on the facts alleged, it appears Plaintiff believes he requires the surgery.  But the Complaint contains no facts showing that the failure to provide Plaintiff with this surgery is putting Plaintiff at imminent risk of physical injury.  Instead, this condition is one Plaintiff acknowledges he has experienced for five years.  The Complaint is devoid of sufficient allegations alleging a deliberate indifference to serious medical condition claim, much less that he

7

is at serious risk of imminent physical injury absent obtaining the surgery.  *See Duncan v. Commissioner Marshall Fisher*, 2017 WL 3995915 *2 (S.D. Miss. Sept. 8, 2017)(noting various medical issues the prison plaintiff complained of did not meet the imminent danger of serious physical injury exception to the three strikes bar).  Thus, the Complaint contains no facts and no allegations from which the undersigned can find any basis that Plaintiff was under threat of imminent physical injury at the time he filed the Complaint to invoke the § 1915(g) exception. (*See generally* Doc. No. 1).  Instead, it appears the gravamen of the Complaint is that Plaintiff wishes to be released from custody.   Release from incarceration is not a form of relief available in a § 1983 action.  *See Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is determination that he is entitled to immediate releaser or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," not an action under § 1983).

Based on the foregoing, the Court **RECOMMENDS**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE